UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARL CAVALIER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. _____ |
| | * | |
| STATE OF LOUISIANA: DEPT. OF | * | JUDGE _____ |
| PUBLIC SAFETY & CORRECTIONS: | * | |
| PUBLIC SAFETY SERVICES; OFFICE | * | MAGISTRATE _____ |
| OF STATE POLICE | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

The Louisiana Department of Public Safety & Corrections (Office of State Police) (erroneously named and referred to in the Petition as "State of Louisiana: Department of Public Safety & Corrections: Public Safety Services; Office of State Police") (hereafter referred to as "DPSC/LSP") hereby files notice pursuant to 28 U.S.C. § 1441, *et seq.*, of removal the civil action filed by the plaintiff, Carl Cavalier ("Plaintiff"), from the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

1.

A civil action bearing Docket No. C-711842 Sec. 23 and entitled "Carl Cavalier v. State of Louisiana: Department of Public Safety & Corrections: Public Safety Services; Office of State Police" was commenced on September 30, 2021 in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, and that action is now pending in East Baton Rouge Parish.[1]

---

[1] Exhibit A, *in globo* –State Court Civil Suit Ledger and Civil Suit Record.

2.

In both the Petition and Amended Petition, Plaintiff identifies, names and sues DPSC/LSP as the sole defendant.[2]

3.

Plaintiff alleges that he experienced racial discrimination in the workplace while working in Troop C during his employment with DPSC/LSP.[3]

4.

Plaintiff specifically contends that he was subjected to added scrutiny and harshly criticized by supervisors at DPSC/LSP and was harassed by colleagues at DPSC/LSP – circumstances that allegedly prompted Plaintiff to request a transfer to the Bureau of Investigations ("BOI").[4]

5.

Plaintiff alleges that even after being transferred to BOI, he continued to endure "increasingly hostile working conditions."[5]

6.

Also alleged is that DPSC/LSP: (1) forced Plaintiff to take both annual leave and leave under the Family Medical Leave Act, (2) transferred (and thereby, constructively demoted) Plaintiff from his position, and (3) suspended Plaintiff without pay – actions that allegedly constitute "race-based harassment/discrimination" and that allegedly "were taken in retaliation/reprisal for [Plaintiff's] whistle blowing activity."[6]

---

[2]  Exhibit A, *in globo*, p. 5 (¶¶ 2-3 of the Petition), p. 13 (¶¶ 2-3 of the Amended Petition).

[3]  Exhibit A, *in globo*, pp. 5-6 (¶¶ 5-6 of the Petition), pp. 13-14 (¶¶ 5-6 of the Amended Petition).

[4]  Exhibit A, *in globo*, pp. 5-6 (¶¶ 6, 8-9 of the Petition), pp. 13-14 (¶¶ 6, 8-9 of the Amended Petition).

[5]  Exhibit A, *in globo*, p. 6 (¶¶ 9-10 of the Petition), p. 14 (¶¶ 9-10 of the Amended Petition).

[6]  Exhibit A, *in globo*, pp. 7-8 (¶¶ 11, 13, 15, 16, 17 of the Petition), 15-17 (¶¶ 11, 13, 15, 16, 17 of the Amended Petition).

7.

More specifically, Plaintiff maintains that the actions and inactions of DPSC/LSP "abridged [his] rights pursuant to 42 U.S.C. § 1981" and that the actions of DPSC/LSP "violate his First Amendment rights of free speech and free expression under 42 U.S.C. § 1983."[7]

8.

This civil action is one in which the United States District Court for the Middle District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and 1343 and because claims asserted by Plaintiff allegedly arise under the First Amendment to the U.S. Constitution.

9.

A constitutional tort claim under 42 U.S.C. § 1983 is facially removable because it is a civil action founded on claims under the Constitution and/or laws of the United States.[8]

10.

Venue of the removed action is proper in this Court because the parish from which the state court action has been removed belongs to and/or forms part of the United States District Court for the Middle District of Louisiana.[9]

11.

This Notice of Removal has been filed within thirty days of the purported (albeit defective/deficient) service of Plaintiff's Petition and/or Amended Petition on DPSC/LSP. Therefore, this Notice of Removal is timely.[10]

---

[7] Exhibit A, *in globo*, p. 9 (¶ 19 of the Petition), p. 17 (¶ 19 of the Amended Petition).

[8] *Carr v. Capital One, N.A.*, 460 Fed.Appx. 461, 467-468 (5th Cir. 2012). *See also* 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1441.

[9] *See* 28 U.S.C. § 1441(a); and 28 U.S.C. § 1443.

[10] *See Crockett v. Louisiana Correctional Institute for Women,* 2018 WL 1313170 at *3, 4 (E.D. La. 2018) (recognizing that "[w]hen assessing whether removal was timely, the questions of if and when service occurred are questions of state law" and holding that "the thirty day removal clock never started to run" due to service deficiencies as

12.

By filing this Notice of Removal, DPSC/LSP expressly consents to the removal to federal court.

13.

All process, pleadings and orders filed in the state court action are collectively attached hereto as Exhibit A, *in globo*.

14.

In accordance with the requirements of 28 U.S.C. § 1446(d), DPSC/LSP has this day given and served written notice of this removal on Plaintiff by mailing and emailing him a copy of this pleading and all attachments thereto.

15.

Undersigned counsel certifies that a Notice of Filing Notice of Removal (attached hereto as Exhibit B), along with a copy of this Notice of Removal (including all referenced exhibits), has contemporaneously been filed with the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as is required by 28 U.S.C. §1446(d).[11]

16.

In accordance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the

---

to the State defendants and finding the defendants' notice of removal was timely) (citing *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304-05 (5th Cir. 2014) (holding that removal was timely even though defendant filed notice of removal eight months after complaint was filed, and six months after default judgment was entered against defendant, because defendant was never properly served); and *In re Oil Spill*, MDL No. 2179, 2012 WL 4753418, at *2 (E.D. La. Oct. 4, 2012) (holding that thirty-day removal clock only starts when defendant has been "served with the citation *and* the attached petition") (emphasis added)).

[11] Exhibit B – Notice of Filing Notice of Removal and attached Notice of Removal (without exhibits).

jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1441, *et seq.*

WHEREFORE, DPSC/LSP prays that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, "Carl Cavalier v. State of Louisiana: Department of Public Safety & Corrections: Public Safety Services; Office of State Police," bearing Docket No. C-711842 Sec. 23 on the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, be removed from that court to the United States District Court for the Middle District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which the defendant might be entitled, and that all further proceedings in the state court be discontinued.

Respectfully Submitted,
JEFF LANDRY
Attorney General

BY:    */s/ Jennie P. Pellegrin*
JENNIE P. PELLEGRIN – LA. BAR ROLL NO. 25207
jpellegrin@neunerpate.com
BEN L. MAYEAUX – LA. BAR ROLL NO. 19042
bmayeaux@neunerpate.com
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Box 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000  FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for the Louisiana Department of Public Safety & Corrections (Office of State Police)*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Notice of Removal (including all exhibits thereto) was

forwarded on Wednesday, November 10, 2021 to:

☑ Plaintiff by United States mail, properly addressed and postage prepaid;

☐ All remaining counsel by United States mail, properly addressed and postage prepaid;

☐ Plaintiff by Registered United States mail, return receipt requested, properly addressed and postage prepaid;

☐ All remaining counsel by Registered United States mail, return receipt requested, properly addressed and postage prepaid;

☐ Plaintiff by facsimile transmission with confirmation;

☐ All remaining counsel by facsimile transmission with confirmation;

☐ Plaintiff by hand delivery;

☐ All remaining counsel by hand delivery;

☑ Plaintiff by electronic transmission; and/or

☐ All remaining counsel by electronic transmission.


      */s/ Jennie P. Pellegrin*
COUNSEL