# EAST BATON ROUGE PARISH
## Suit Ledger: C-711842
### Through 11/08/2021

Print Date: 11/8/2021
Print Time: 10:10 AM

Suit Number:  C-711842

CARL CAVALIER
VS
STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS, ET AL

Date Filed:      09/30/2021
Cause:           JR-Judicial Review
Division:        23

**Parties**

CAVALIER, CARL
STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS
LOUISIANA STATE POLICE COLONEL LAMAR A DAVIS

| Date | Code | Description | Payee Name / Deposit Details | Attorney Name | Party Name | Balance Type | Deposit | Charge |
|------|------|-------------|------------------------------|---------------|------------|--------------|---------|--------|
| 09/30/2021 | 8520 | NUMBER OF NAMES INDEXED [4 Qty] | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $8.00 |
| 09/30/2021 | 1000 | PET-CIV [5 Pg] | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $22.00 |
| 09/30/2021 | 8500 | INITIALIZATION FEE | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $20.00 |
| 09/30/2021 | 8501 | 5% CLERKS FEE ACT NO. 1093 | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $0.15 |
| 09/30/2021 | 8503 | PRO BONO EXPENSE CIVIL | BATON ROUGE BAR ASSOCIATION | N/A | CAVALIER, CARL | Advance | | $2.85 |
| 09/30/2021 | 8504 | BLDG FUND FEE NEW SUIT $200 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $200.00 |
| 09/30/2021 | 8506 | STATE TREASURY CIVIL JSC | LOUISIANA STATE TREASURER/CIVIL | N/A | CAVALIER, CARL | Advance | | $27.00 |
| 09/30/2021 | 8512 | SUPREME COURT JUDICIAL COLLEGE | LA SUPREME COURT-JUDICIAL COLLEGE | N/A | CAVALIER, CARL | Advance | | $0.50 |
| 09/30/2021 | 8514 | JUDICIAL EXPENSE FUND | JUDICIAL EXPENSE FUND | N/A | CAVALIER, CARL | Advance | | $15.00 |
| 09/30/2021 | 8522 | CONFORMED COPY | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $3.00 |
| 09/30/2021 | 5001 | VERIFICATION-CV [1 Pg] | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |
| 09/30/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 09/30/2021 | 1 | ADVANCED DEPOSIT CAVALIER, CARL | CREDIT by CAVALIER, CARL | N/A | CAVALIER, CARL | Advance | $760.00 | |
| 09/30/2021 | 8527 | BLDG FUND FEE JURY $200 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $200.00 |
| 10/01/2021 | 2000 | CIT-CIV | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $20.00 |
| 10/01/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $5.00 |

#970 P.002/022     11/08/2021 10:37     From:     Exhibit A, in globo p. 1

Case 3.21-cv-00656-JWD-RLB    Document 1-2    11/10/21   Page 2 of 21

**EAST BATON ROUGE PARISH**

**Suit Ledger:  C-711842**

**Through 11/08/2021**

Print Date: 11/8/2021

Print Time: 10:10 AM

Page 2

| Date | Code | Description | Payee Name / Deposit Details | Attorney Name | Party Name | Balance Type | Deposit | Charge |
|---|---|---|---|---|---|---|---|---|
| 10/01/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/01/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $30.00 |
| 10/01/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [806 Amt] | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $10.40 |
| 10/01/2021 | 2000 | CIT-CIV | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $20.00 |
| 10/01/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $5.00 |
| 10/01/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/01/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $30.00 |
| 10/01/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [802 Amt] | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $3.12 |
| 10/13/2021 | 8543 | SERVICE RETURN FEE STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |
| 10/14/2021 | 8543 | SERVICE RETURN FEE LOUISIANA STATE POLICE COLONEL LAMAR A DAVIS | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |
| 10/25/2021 | 4020 | SUPP AMEND PETITION-CV [6 Pg] | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $26.00 |
| 10/25/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/25/2021 | 5001 | VERIFICATION-CV [1 Pg] | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |
| 10/25/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/25/2021 | 1 | ADVANCED DEPOSIT CAVALIER, CARL | CREDIT by CAVALIER, CARL | N/A | CAVALIER, CARL | Advance | $240.00 | |
| 10/26/2021 | 2000 | CIT-CIV | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $20.00 |
| 10/26/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $5.00 |
| 10/26/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/26/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $30.00 |
| 10/26/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [806 Amt] | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $10.40 |
| 10/26/2021 | 2000 | CIT-CIV | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $20.00 |
| 10/26/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $5.00 |

#970 P.003/022    11/08/2021 10:38    From:    Exhibit A, in globo p. 2

#970 P.004/022    11/08/2021 10:39    From:    Exhibit A, in globo p. 3

Print Date: 11/8/2021
Print Time: 10:10 AM

**EAST BATON ROUGE PARISH**
**Suit Ledger: C-711842**
**Through 11/08/2021**

| Date | Code | Description | Payee Name / Deposit Details | Attorney Name | Party Name | Balance Type | Deposit | Charge |
|------|------|-------------|------------------------------|---------------|------------|--------------|---------|--------|
| 10/26/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | N/A | CAVALIER, CARL | Advance | | $10.00 |
| 10/26/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $30.00 |
| 10/26/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [802 Amt] | EAST BATON ROUGE PARISH SHERIFFS | N/A | CAVALIER, CARL | Advance | | $3.12 |
| 11/04/2021 | 8543 | SERVICE RETURN FEE MARCOLLE | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |
| 11/04/2021 | 8543 | SERVICE RETURN FEE J. RICHARDSON | DOUG WELBORN SALARY FUND | N/A | CAVALIER, CARL | Advance | | $6.00 |

**Attorney Totals**

**<ATTORNEY NOT SPECIFIED>**

| | |
|---|---|
| Advance Net Deposits | $1,000.00 |
| Clerk Fees | $0.00 |
| Local Sheriff Fees | $147.04 |
| Other Sheriff Fees | $0.00 |
| Judges Supplemental Fund | $27.00 |
| Advance Charges | $877.54 |
| Total Advance Balance | $122.46 |
| Witness Net Deposits | $0.00 |
| Witness Charges | $0.00 |
| Escrow Net Deposits | $0.00 |
| Escrow Charges | $0.00 |
| Pauper Charges | $0.00 |
| Total Witness Balance | $0.00 |
| Total Escrow Balance | $0.00 |
| Total Suit + Direct Costs | $877.54 |
| Judicial Expense Fund | $15.50 |
| Court Reporter Fees | $0.00 |
| Curator Fees | $0.00 |

**Grand Totals**

| | |
|---|---|
| Advance Net Deposits | $1,000.00 |

Print Date: 11/8/2021

Print Time: 10:10 AM

## EAST BATON ROUGE PARISH
## Suit Ledger:  C-711842
## Through 11/08/2021

| | |
|---|---|
| Clerk Fees | $0.00 |
| Local Sheriff Fees | $147.04 |
| Other Sheriff Fees | $0.00 |
| Judges Supplemental Fund | $27.00 |
| Advance Charges | $877.54 |
| Total Advance Balance | $122.46 |
| Witness Net Deposits | $0.00 |
| Witness Charges | $0.00 |
| Escrow Net Deposits | $0.00 |
| Escrow Charges | $0.00 |
| Pauper Charges | $0.00 |
| Total Witness Balance | $0.00 |
| Total Escrow Balance | $0.00 |
| Total Suit + Direct Costs | $877.54 |
| Judicial Expense Fund | $15.50 |
| Court Reporter Fees | $0.00 |
| Curator Fees | $0.00 |

EAST BATON ROUGE PARISH   C-711842
Filed Sep 30, 2021 12:21 PM        23
    Deputy Clerk of Court

CARL CAVALIER                          19th JUDICIAL DISTRICT COURT


VERSUS                                 PARISH OF EAST BATON ROUGE


STATE OF LOUISIANA:                    STATE OF LOUISIANA
DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS: PUBLIC
SAFETY SERVICES; OFFICE
OF STATE POLICE;

.............................................................................

PETITION

1.

NOW INTO COURT IN PROPER PERSON comes Petitioner **CARL CAVALIER**, a

person of the age of majority residing in Houma, Louisiana; Parish of Terrebonne.


2.

Made Defendant(s) herein Louisiana Department of Public Safety: Public Safety Services;

Louisiana Office of State Police, (LSP); which is justly and truly indebted unto Petitioner for all

sums as are reasonable under the premises, attorney's fees, litigation expenses, legal interest

thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled

at law or in equity.

3.

LSP is a political subdivision of the Louisiana Department of Public Safety with LSP

Headquarters located in Baton Rouge, Louisiana; Parish of East Baton Rouge therefore venue in

this court is proper.

4.

Petitioner is domiciled in this State at the time of filing, therefore venue is proper.


5.

Petitioner began his employment with LSP on November 30, 2014. He was assigned to

Troop C, located in Gray, Louisiana: Parish of Terrebonne; At all pertinent times, Petitioner was

an "employee" of defendant and defendant was Petitioner's "employer", employing greater than

1000 individuals, all within the meaning and intent of Louisiana law.


6.

On or about May 5, 2018, Petitioner began experiencing racial discrimination from his

chain of command, specifically from Major Frank Besson[1]; Sergeant Simon Besson; Lieutenant

Andre Bienvenue and Lieutenant Matt Trahan;


After issuing a ticket to an narcotics officer with the Houma Police Department,

Petitioner's supervisors began subjecting all tickets and reports to additional scrutiny. Including

_____

[1] On May 5, 2018 Frank Besson was Captain of LSP: Troop C.

but not limited to watching body worn camera videos not related to use of force; requesting that incident reports be edited and/or rewritten; receiving harsh criticism over minor issues where other LSP commissioned officers were not reprimanded; immediate family being harassed by LSP personnel for minor traffic violations.

7.

On August 1, 2018 Petitioner began the Employee Grievance Process in compliance with LSP Policy and Procedure Order 219. On August 15, 2018 Major Frank Besson issued a written response to petitioner's grievance. These documents are attached to this petition and marked Exhibit A in globo.

This grievance was not addressed by LSP Command Staff and Petitioner was never given the opportunity to complete the grievance process in accordance with LSP Policy.

8.

On August 11, 2018 Petitioner was targeted and harassed by Sgt. Henry Kimble and forced to write an incident report regarding his presence in New Orleans in his marked unit during day shift when he was assigned to night shift. This document is attached to this petition and marked Exhibit B.

9.

Between August 11, 2018 and August 24, 2018 Petitioner was contacted by Lieutenant Draper Crain and Lt. Colonel Kendrick Van Buren[2] and advised that he should request a transfer to the Bureau of Investigations, hereinafter ("BOI").

On August 24, 2018 Petitioner met with Major Darrin Naquin regarding possible resolutions to the discrimination issued presented in the employee grievance. Following this meeting, Petitioner requested a transfer to BOI by correspondence dated August 27, 2018. This document is attached to this petition and marked Exhibit C.

Petitioner was not allowed to complete the grievance procedure under civil service rules.

10.

On October 19, 2020, Petitioner submitted information to the Trooper Employee Assistance Program ("TEAP") in an attempt to address the racism issues he was experiencing. TEAP member Martin Mayon advised that TEAP members were not trained to deal with helping individuals with racism.

On November 7, 2020, Petitioner again contacted Mr. Mayon regarding the increasingly hostile working conditions at LSP. There was no progress with Petitioner's information.

---

[2] In August 2018, Kendrick Van Buren was a Captain in LSP: Gaming.

On January 30, 2021, Petitioner spoke with TEAP supervisor, Sgt. Christopher McClelland and further reiterated that he was experiencing stress and stress related issues to due work conditions. Sgt. McClelland further advised that TEAP wasn't able to give any assistance on racism or discrimination. A subsequent meeting with Sgt. McClelland on February 2, 2021 yielded similar results.

On February 5, 2021, Petitioner met with Colonel Lamar A. Davis regarding the employee grievance filed in 2018 and ongoing racial discrimination at LSP. Colonel Davis advised that he would investigate these claims. Additionally, Colonel Davis suggested that Petitioner read the book 'Chop Wood Carry Water: How to Fall in Love with the Process of Becoming Great' by Joshua Medcalf, alleging that this book might help him deal with the ongoing racism.

11.

On or about June 7, 2021, Petitioner was placed on forced annual leave pursuant to State Police Commission Rule 11.9. Petitioner was deprived of eighty (80) hours of annual leave equal to an amount of $28.39/hr. LSP did not give a specific reason for the forced annual leave. Petitioner was required to surrender all LSP issued equipment, including but not limited to firearms, vehicle, uniforms, commission cards, undercover materials, badges, building access cards, keys to LSP properties. Petitioner endured the humiliation of being escorted out of the building and off LSP Headquarters premises.

On or about June 9, 2021, Petitioner met with Byron Sam, EEO coordinator in the DPS Office of Legal Affairs. Following this meeting, Petitioner was instructed to go to a meeting in Human Resources. At this meeting Petitioner was advised that he qualified for an ADA accommodation for any stress related issues arising in the course and scope of his employment. On June 23, 2021 LTC Van Buren advises Petitioner to consider taking Family Medical Leave ("FMLA").

12.

On or about June 11, 2021, Petitioner received a phone call from Sgt. Dave Floss regarding a secondary employment application. These questions were directly related to allegations that Petitioner had authored a work of fiction wherein LSP was harshly criticized. Sgt. Floss requested a copy of the book[3].

Further, Lt. Draper Crain spoke with Petitioner and advised that LSP personnel had been cautioned to avoid any and all communication with Petitioner. This deliberate creation of hostile work environment adversely affected Petitioner's relationship with LSP commissioned personnel.

13.

On or about June 28, 2021, Petitioner returned to active duty. He was immediately advised that he was now on ("FMLA") and sent back to his residence indefinitely.

---

[3] NWB was released July 2021.

14.

On or about July 20, 2021 Petitioner was interviewed by LSP: Internal Affairs regarding a complaint he filed against Faye Dysart Morrison, Assistant Secretary of Legal Affairs. At the conclusion of the interview, LTC Van Buren gave Petitioner a hard copy of LSP Procedure Order 901 Code of Ethics, Subsection 42 – Public Statements regarding media contact, specifically regarding a television interview with WBRZ Investigative Reporter Chris Nakamoto on June 28, 2021.

Petitioner gave the following television and radio interviews regarding criminal conduct by commissioned personnel of Louisiana State Police: June 28, 2021 WBRZ with Chris Nakamoto; July 22, 2021 WBOK New Orleans Radio; July 25, 2021 Interview with Eugene Collins, President of Baton Rouge NAACP; July 28, 2021 Instagram Live interview with Dr. Jamal Taylor; August 18, 2021, WWL Channel 4 Interview with Mike Perlstein.

15.

On or about August 2, 2021, Petitioner returned to active duty at LSP. He was immediately involuntarily transferred from Narcotics to Gaming. This action was a constructive demotion to a far less desirable position than Petitioner previously occupied. Petitioner has eleven (11) years of law enforcement employment, but has no experience with gaming, or casino regulation.

Additionally, he was also given correspondence advising him that he was now on administrative leave pending investigation and again sent to his residence indefinitely.

On August 27, 2021, Petitioner received a letter informing him that he would be suspended without pay for forty (40) hours for violation of the LSP Policy on Secondary Employment and one hundred and sixty (160) hours for violation of the LSP Policy on Conduct Unbecoming an Officer. This proposed suspension will result in a loss of income in the amount of five thousand, six hundred and seventy-eight dollars and 00/100 ($5,678.00).

16.

Petitioner contends that the actions directed at him constituted illegal race-based harassment/discrimination and were taken in retaliation /reprisal for his whistle blowing activity.

17.

Defendant failed to have in full force and effect an effective policy regarding illegal discrimination/harassment and retaliation. Petitioner's reports of such illegal conduct served as a trigger for the unlawful actions thereafter directed at him. Defendant failed to take any action to remedy the racially hostile working environment in spite of Petitioner's many complaints regarding the situation.

18.

As a result of the situation sued upon herein, Petitioner has sustained damages which include but are not limited to, severe and extreme emotional distress, mental anguish, humiliation

and embarrassment, past and future medical expenses, loss of earning capacity, loss of promotional opportunities, and all such other damages as will be more fully shown at trial of this matter and all for which Petitioner specifically sues for herein.

19.

At all times, Petitioner enjoyed the co-equal ability to make and enforce contracts, including that of employment and working in a non-racially hostile environment, within the meaning and intent of 42 U.S.C. 1981. Defendant's actions and deliberate inactions abridged Petitioner's rights pursuant to 42 U.S.C. §1981, for which defendant is liable.

20.

Petitioner is additionally entitled to relief pursuant to La. R.S. 23: 967, for which defendant is liable.

21.

Petitioner has begun the process of filing with the EEOC and LCHR, but has not yet received his Notice of Right to Sue. Petitioner reserves his right to supplement and amend his claims upon receipt of same.

22.

Petitioner sent demand pursuant to La. R.S. 23:301, et seq. All conditions precedent to pursuit of his claims thereunder have been met and/or complied with.

23.

Petitioner is entitled to and desires an award of attorney's fees pursuant to law.

24.

Petitioner is entitled to and desires trial by jury of this matter.

**WHEREFORE**, Petitioner, Carl Cavalier, prays for trial by jury and after due proceedings are had that there by judgment herein in his favor and against defendant, State of Louisiana, through Department of Public Safety; Public Safety Services; Office of State Police, for all sums as are reasonable under the premises, attorney's fee, litigation expenses, legal interest thereon from the date of demand until paid, and all such other relief afforded Petitioner at law or in equity.

Respectfully submitted,

By: _Carl Cavalier_

Carl Cavalier, in proper person
Address: 6112 St. Pius Avenue
            Baton Rouge, LA 70811
Phone: (504) 316-0351
Email: Karlcavalier@yahoo.com

**PLEASE SERVE:**

Louisiana State Police                     State of Louisiana
Colonel Lamar A. Davis                   Through Attorney General Jeff Landry
7979 Independence Blvd                  1885 North 3rd Street
Office of Legal Affairs: Suite 307       Livingston Building
Baton Rouge, LA 70806                   Baton Rouge, LA 70802

EAST BATON PARISH
Filed Sep 30, 2021 12:21 PM
Deputy Clerk of Court

C-711842
23

CARL CAVALIER

19th JUDICIAL DISTRICT COURT

VERSUS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA:
DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS:  PUBLIC
SAFETY SERVICES; OFFICE
OF STATE POLICE;

STATE OF LOUISIANA

**************************************************************************

## VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned authority, duly commissioned and qualified, in and for

the above parish and state, therein, residing, personally came and appeared:

### CARL CAVALIER

who being duly sworn, did depose and say that he is the petitioner in the above and forgoing

Petition and that he has read all the allegations therein and that they are true and correct to the

best of his knowledge, information and belief.

CARL CAVALIER

SWORN TO AND SUBSCRIBED before me, this ___30___ day of ___September___,
2021.

_____
NOTARY PUBLIC

My commission expires at _____

JACOB M. LUNEAU
NOTARY PUBLIC ID #137858
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

**RETURN COPY**



**D7531759**

## CITATION

**CARL CAVALIER**
(Plaintiff)

**VS**

**STATE OF LOUISIANA: DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET
AL**
(Defendant)

**NUMBER C-711842   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:   STATE OF LOUISIANA:
THROUGH ATTORNEY GENERAL JEFF LANDRY
1885 NORTH 3RD STREET
LIVINGSTON BUILDING
BATON ROUGE,  LA 70802**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **OCTOBER 1, 2021.**



_Jaelisha Mitchell_

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CAVALIER, CARL**

*The following documents are attached:
**PETITION, VERIFICATION**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____ I made service at the Louisiana State Office in the parish of East Baton Rouge, by handing said copy on:

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

OCT 12 2021

To: _Michelle Blott_

_by Mock 1691_

Deputy Sheriff, Parish of East Baton Rouge, LA

**RETURN COPY**



**D7531767**

# CITATION

**CARL CAVALIER**
(Plaintiff)

**VS**

**STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL**
(Defendant)

**NUMBER C-711842   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:   LOUISIANA STATE POLICE**
**COLONEL LAMAR A DAVIS**
**7979 INDEPENDENCE BLVD**
**OFFICE OF LEGAL AFFAIRS: SUITE 307**
**BATON ROUGE,  LA 70806**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **OCTOBER 1, 2021.**



*Tarlisha Mitchell*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: CAVALIER, CARL

*The following documents are attached:
**PETITION, VERIFICATION**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE$_____                          _____
TOTAL:  $_____                              Deputy Sheriff
                                                          Parish of East Baton Rouge

                              **CITATION-2000**

**On this day**
I made departmental service on the named law enforcement officer through
Louisiana State Police Headquarters
East Baton Rouge Parish Sheriff's Office

**OCT 1 2 2021**

by tendering a copy of this document to
☐ Jamie Fletcher        ☑ C. Robertson
☐ Dominick Abrams     ☐ R. Langlois
**DY. FREDDIE SELDERS 5568**
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EAST BATON ROUGE PARISH   C-711842
Filed Oct 25, 2021 10:16 AM      23
Deputy Clerk of Court

CARL CAVALIER                         19th JUDICIAL DISTRICT COURT


VERSUS                                PARISH OF EAST BATON ROUGE


STATE OF LOUISIANA:                   STATE OF LOUISIANA
DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS: PUBLIC        711842
SAFETY SERVICES; OFFICE
OF STATE POLICE;

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### AMENDED PETITION

**1.**

**NOW INTO COURT IN PROPER PERSON** comes Petitioner **CARL CAVALIER,**
amending paragraphs 15, 16 and 19 of the petition filed on September 30, 2021.


**2.**

Made Defendant(s) herein Louisiana Department of Public Safety: Public Safety Services;
Louisiana Office of State Police, (LSP); which is justly and truly indebted unto Petitioner for all
sums as are reasonable under the premises, attorney's fees, litigation expenses, legal interest
thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled
at law or in equity.

**3.**

LSP is a political subdivision of the Louisiana Department of Public Safety with LSP
Headquarters located in Baton Rouge, Louisiana; Parish of East Baton Rouge therefore venue in
this court is proper.

**4.**

Petitioner is domiciled in this State at the time of filing, therefore venue is proper.


**5.**

Petitioner began his employment with LSP on November 30, 2014. He was assigned to
Troop C, located in Gray, Louisiana: Parish of Terrebonne; At all pertinent times, Petitioner was
an "employee" of defendant and defendant was Petitioner's "employer", employing greater than
1000 individuals, all within the meaning and intent of Louisiana law.


**6.**

On or about May 5, 2018, Petitioner began experiencing racial discrimination from his
chain of command, specifically from Major Frank Besson[1]; Sergeant Simon Besson; Lieutenant
Andre Bienvenue and Lieutenant Matt Trahan;

After issuing a ticket to an narcotics officer with the Houma Police Department,
Petitioner's supervisors began subjecting all tickets and reports to additional scrutiny. Including

---

[1] On May 5, 2018 Frank Besson was Captain of LSP: Troop C.

but not limited to watching body worn camera videos not related to use of force; requesting that incident reports be edited and/or rewritten; receiving harsh criticism over minor issues where other LSP commissioned officers were not reprimanded; immediate family being harassed by LSP personnel for minor traffic violations.

7.

On August 1, 2018 Petitioner began the Employee Grievance Process in compliance with LSP Policy and Procedure Order 219. On August 15, 2018 Major Frank Besson issued a written response to petitioner's grievance. These documents are attached to this petition and marked Exhibit A in globo.

This grievance was not addressed by LSP Command Staff and Petitioner was never given the opportunity to complete the grievance process in accordance with LSP Policy.

8.

On August 11, 2018 Petitioner was targeted and harassed by Sgt. Henry Kimble and forced to write an incident report regarding his presence in New Orleans in his marked unit during day shift when he was assigned to night shift. This document is attached to this petition and marked Exhibit B.

9.

Between August 11, 2018 and August 24, 2018 Petitioner was contacted by Lieutenant Draper Crain and Lt. Colonel Kendrick Van Buren[2] and advised that he should request a transfer to the Bureau of Investigations, hereinafter ("BOI").

On August 24, 2018 Petitioner met with Major Darrin Naquin regarding possible resolutions to the discrimination issued presented in the employee grievance. Following this meeting, Petitioner requested a transfer to BOI by correspondence dated August 27, 2018. This document is attached to this petition and marked Exhibit C.

Petitioner was not allowed to complete the grievance procedure under civil service rules.

10.

On October 19, 2020, Petitioner submitted information to the Trooper Employee Assistance Program ("TEAP") in an attempt to address the racism issues he was experiencing. TEAP member Martin Mayon advised that TEAP members were not trained to deal with helping individuals with racism.

On November 7, 2020, Petitioner again contacted Mr. Mayon regarding the increasingly hostile working conditions at LSP. There was no progress with Petitioner's information.

---

[2] In August 2018, Kendrick Van Buren was a Captain in LSP: Gaming.

On January 30, 2021, Petitioner spoke with TEAP supervisor, Sgt. Christopher McClelland and further reiterated that he was experiencing stress and stress related issues to due work conditions. Sgt. McClelland further advised that TEAP wasn't able to give any assistance on racism or discrimination. A subsequent meeting with Sgt. McClelland on February 2, 2021 yielded similar results.

On February 5, 2021, Petitioner met with Colonel Lamar A. Davis regarding the employee grievance filed in 2018 and ongoing racial discrimination at LSP. Colonel Davis advised that he would investigate these claims. Additionally, Colonel Davis suggested that Petitioner read the book 'Chop Wood Carry Water: How to Fall in Love with the Process of Becoming Great' by Joshua Medcalf, alleging that this book might help him deal with the ongoing racism.

11.

On or about June 7, 2021, Petitioner was placed on forced annual leave pursuant to State Police Commission Rule 11.9. Petitioner was deprived of eighty (80) hours of annual leave equal to an amount of $28.39/hr. LSP did not give a specific reason for the forced annual leave. Petitioner was required to surrender all LSP issued equipment, including but not limited to firearms, vehicle, uniforms, commission cards, undercover materials, badges, building access cards, keys to LSP properties. Petitioner endured the humiliation of being escorted out of the building and off LSP Headquarters premises.

On or about June 9, 2021, Petitioner met with Byron Sam, EEO coordinator in the DPS Office of Legal Affairs. Following this meeting, Petitioner was instructed to go to a meeting in Human Resources. At this meeting Petitioner was advised that he qualified for an ADA accommodation for any stress related issues arising in the course and scope of his employment. On June 23, 2021 LTC Van Buren advises Petitioner to consider taking Family Medical Leave ("FMLA").

12.

On or about June 11, 2021, Petitioner received a phone call from Sgt. Dave Floss regarding a secondary employment application. These questions were directly related to allegations that Petitioner had authored a work of fiction wherein LSP was harshly criticized. Sgt. Floss requested a copy of the book[3].

Further, Lt. Draper Crain spoke with Petitioner and advised that LSP personnel had been cautioned to avoid any and all communication with Petitioner. This deliberate creation of hostile work environment adversely affected Petitioner's relationship with LSP commissioned personnel.

13.

On or about June 28, 2021, Petitioner returned to active duty. He was immediately advised that he was now on ("FMLA") and sent back to his residence indefinitely.

---

[3] NWB was released July 2021.

14.

On or about July 20, 2021 Petitioner was interviewed by LSP: Internal Affairs regarding a complaint he filed against Faye Dysart Morrison, Assistant Secretary of Legal Affairs. At the conclusion of the interview, LTC Van Buren gave Petitioner a hard copy of LSP Procedure Order 901 Code of Ethics, Subsection 42 – Public Statements regarding media contact, specifically regarding a television interview with WBRZ Investigative Reporter Chris Nakamoto on June 28, 2021.

Petitioner gave the following television and radio interviews regarding criminal conduct by commissioned personnel of Louisiana State Police: June 28, 2021 WBRZ with Chris Nakamoto; July 22, 2021 WBOK New Orleans Radio; July 25, 2021 Interview with Eugene Collins, President of Baton Rouge NAACP; July 28, 2021 Instagram Live interview with Dr. Jamal Taylor; August 18, 2021, WWL Channel 4 Interview with Mike Perlstein.

15.

On or about August 2, 2021, Petitioner returned to active duty at LSP. He was immediately involuntarily transferred from Narcotics to Gaming. This action was a constructive demotion to a far less desirable position than Petitioner previously occupied. Petitioner has eleven (11) years of law enforcement employment, but has no experience with gaming, or casino regulation.

Additionally, he was also given correspondence advising him that he was now on administrative leave pending investigation and again sent to his residence indefinitely.

On August 27, 2021, Petitioner received a letter informing him that he would be suspended without pay for forty (40) hours for violation of the LSP Policy on Secondary Employment and one hundred and sixty (160) hours for violation of the LSP Policy on Conduct Unbecoming an Officer. This proposed suspension will result in a loss of income in the amount of five thousand, six hundred and seventy-eight dollars and 00/100 ($5,678.00).

On or about September 28, 2021, Petitioner was denied a loan for the purchase of a home. The lender denied the loan specifically because LSP has constructively diminished plaintiff's income through multiple administrative suspensions. LSP has taken adverse employment actions against Plaintiff to the extent that he has been denied the economic opportunity of home ownership although he is still employed.

16.

Petitioner contends that the actions directed at him constituted illegal race-based harassment/discrimination and were taken in retaliation /reprisal for his whistle blowing activity. Petitioner's initial whistle blowing activity began September 12, 2020 with written communication to Louisiana State Representative Edmond Jordan regarding concerns that LSP had committed misconduct with the death of Ronald Greene.

17.

Defendant failed to have in full force and effect an effective policy regarding illegal discrimination/harassment and retaliation. Petitioner's reports of such illegal conduct served as a trigger for the unlawful actions thereafter directed at him. Defendant failed to take any action to remedy the racially hostile working environment in spite of Petitioner's many complaints regarding the situation.

18.

As a result of the situation sued upon herein, Petitioner has sustained damages which include but are not limited to, severe and extreme emotional distress, mental anguish, humiliation and embarrassment, past and future medical expenses, loss of earning capacity, loss of promotional opportunities, and all such other damages as will be more fully shown at trial of this matter and all for which Petitioner specifically sues for herein.

19.

At all times, Petitioner enjoyed the co-equal ability to make and enforce contracts, including that of employment and working in a non-racially hostile environment, within the meaning and intent of 42 U.S.C. §1981. Defendant's actions and deliberate inactions abridged Petitioner's rights pursuant to 42 U.S.C. §1981, for which defendant is liable.

Defendant is also liable for actions against Petitioner that violate his First Amendment rights of free speech and free expression under 42 U.S.C. §1983.

20.

Petitioner is additionally entitled to relief pursuant to La. R.S. 23: 967, for which defendant is liable.

21.

Petitioner has begun the process of filing with the EEOC and LCHR, but has not yet received his Notice of Right to Sue. Petitioner reserves his right to supplement and amend his claims upon receipt of same.

22.

Petitioner sent demand pursuant to La. R.S. 23:301, et seq. All conditions precedent to pursuit of his claims thereunder have been met and/or complied with.

23.

Petitioner is entitled to and desires an award of attorney's fees pursuant to law.

24.

Petitioner is entitled to and desires trial by jury of this matter.

**WHEREFORE**, Petitioner, Carl Cavalier, prays for trial by jury and after due proceedings are had that there by judgment herein in his favor and against defendant, State of Louisiana, through Department of Public Safety; Public Safety Services; Office of State Police, for all sums as are reasonable under the premises, attorney's fee, litigation expenses, legal interest thereon from the date of demand until paid, and all such other relief afforded Petitioner at law or in equity.

Respectfully submitted,

By: _____
Carl Cavalier, in proper person
Address: 6112 St. Pius Avenue
       Baton Rouge, LA 70811
Phone: (504) 316-0351
Email: Karlcavalier@yahoo.com

**PLEASE SERVE:**

Louisiana State Police
Colonel Lamar A. Davis
7979 Independence Blvd
Office of Legal Affairs: Suite 307
Baton Rouge, LA 70806

State of Louisiana
Through Attorney General Jeff Landry
1885 North 3rd Street
Livingston Building
Baton Rouge, LA 70802

EAST BATON ROUGE PARISH  C-711842
Filed Oct 25, 2021 10:16 AM      23
Deputy Clerk of Court

| | |
|---|---|
| **CARL CAVALIER** | **19th JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF EAST BATON ROUGE** |
| **STATE OF LOUISIANA:** | **STATE OF LOUISIANA** |
| **DEPARTMENT OF PUBLIC** | |
| **SAFETY AND CORRECTIONS: PUBLIC** | |
| **SAFETY SERVICES; OFFICE** | |
| **OF STATE POLICE;** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

    **BEFORE ME,** the undersigned authority, duly commissioned and qualified, in and for

the above parish and state, therein, residing, personally came and appeared:

## CARL CAVALIER

who being duly sworn, did depose and say that he is the petitioner in the above and forgoing

Petition and that he has read all the allegations therein and that they are true and correct to the

best of his knowledge, information and belief.

*Carl Caval*

**CARL CAVALIER**

    **SWORN TO AND SUBSCRIBED** before me, this _25_ day of _Octb_ ,

2021.

_____
**NOTARY PUBLIC**

~~MELISSA~~ MCMANUS
NOTARY PUBLIC ID #157216
**STATE OF LOUISIANA**
MY COMMISSION IS FOR LIFE

**My commission expires at** _____.

## RETURN COPY



**D7716798**

## CITATION

**CARL CAVALIER**
(Plaintiff)

**NUMBER C-711842  SEC. 23**

**VS**

**19th JUDICIAL DISTRICT COURT**

**STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL**
(Defendant)

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:  LOUISIANA STATE POLICE COLONEL LAMAR A DAVIS**
      **7979 INDEPENDENCE BLVD**
      **OFFICE OF LEGAL AFFAIRS: SUITE 307**
      **BATON ROUGE, LA 70806**

GREETINGS:

     Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

     You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

     This citation was issued by the Clerk of Court for East Baton Rouge Parish on **OCTOBER 26, 2021.**



*Myrtha Rosette*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CAVALIER, CARL**
           **(504) 316-0351**

*The following documents are attached:
**AMENDED PETITION, VERIFICATION**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said parish at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____

SERVICE: $_____
MILEAGE $_____
TOTAL: $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

**On this day**
made departmental service on the named law enforcement officer through
Louisiana State Police Headquarters
East Baton Rouge Parish Sheriff's Office

**NOV 03 2021**

by tendering a copy of this document to *Marcelle Desoto*
☐ Jamie Fletcher     ☐ C. Robertson
☐ Dominick Abrams    ☐ R. Langlois

**BY. FREDDIE SELDERS 5568**
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

# RETURN COPY



**D7716780**

## CITATION

**CARL CAVALIER**
(Plaintiff)

**NUMBER C-711842   SEC. 23**

**VS**

**19th JUDICIAL DISTRICT COURT**

**STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL**
(Defendant)

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:   STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS THROUGH ATTORNEY GENERAL JEFF LANDRY**
**1885 NORTH 3RD STREET LIVINGSTON BUILDING**
**BATON ROUGE,  LA 70802**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **OCTOBER 26, 2021.**

*Myrikle Rosette*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CAVALIER, CARL**
                    **(504) 316-0351**

*The following documents are attached:
**AMENDED PETITION, VERIFICATION**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
**Deputy Sheriff**
**Parish of East Baton Rouge**

**CITATION-2000**

I made service at the Louisiana State Office in the parish of East Baton Rouge, by handing said copy on:

NOV 03 2021

To:

Ivy Mock 1691

Deputy Sheriff, Parish of East Baton Rouge, LA