UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL CAVALIER** | **CIVIL ACTION NO: 3:21-cv-00656** |
| **VERSUS** | **JUDGE: JOHN W. deGRAVELLES** |
| **STATE OF LOUISIANA: DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS: PUBLIC SAFETY SERVICES; OFFICE OF STATE POLICE;** | **MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR.** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**SECOND SUPPLEMENTAL, AMENDING, AND RESTATED COMPLAINT**</u>

The Complaint of Carl Cavalier, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents, **as supplemented, amended, and restated**, in bold print:

1.

Venue is proper within this judicial district as the majority of the acts alleged herein occurred within this judicial district. Jurisdiction is founded herein pursuant to 28 U.S.C. §1331, Federal Question, and 28 U.S.C. §1367, affording supplemental jurisdiction over Complainant's claim arising under Louisiana law.

2.

**The** defendant**s enumerated below are** justly and truly indebted unto **Complainant** for all sums as are reasonable under the premises, attorney fees, **punitive damages as to defendant Davis**, **all costs of these proceedings,** litigation expenses, legal interest thereon from the date of demand until paid, and all such other relief to which Complainant is entitled at law or in equity:

1. **State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, a state agency domiciled in East Baton Rouge Parish, Louisiana; and**

2. Colonel Lamar A. Davis, individually and in his official capacity as Superintendent of the Office of State Police, a resident of the full age of majority who, upon information and belief, is domiciled in East Baton Rouge Parish, Louisiana.

3.

At all **times pertinent hereto**, **Complainant** was an "employee" of defendant **DPSC within the meaning and intent of federal and Louisiana law**. **At all times pertinent hereto,** defendant **DPSC** was **Complainant's** "employer" **within the meaning and intent of federal and Louisiana law and** employ**ed** greater than **one hundred (100) employees, including Complainant.**

3a.

**At all times pertinent hereto, defendant Davis was an agent and employee of defendant DPSC and was Complainant's supervisor with immediate and successfully higher authority over his employment.**

4.

Complainant began his employment with **DPSC** on November 30, 2014, as a **Trooper for LSP.**

5.

**Throughout Complainant's employment with defendant DPSC, he repeatedly protested, opposed, reported, and complained about actual violation of law committed by defendant DPSC.** Beginning in 2020 and continuing thereafter through present, Complainant reported to defendants and third parties, including Louisiana State Legislature Representative(s) and the Governor, race-based discrimination, harassment, and retaliation

against black LSP employee(s) consisting of numerous occasions on which black officers were disciplined far more harshly and even terminated as compared to white officers under virtually identical circumstances, excessive force, assault, battery, false imprisonment, and violations of Constitutional Rights by LSP employee(s) against a civilian(s), including Ronald Greene which resulted in Mr. Greene's death, and malfeasance in office and/or abuse of office by LSP employee(s) and supervisors resulting from attempts to and an actual cover up of the events leading to and causing the death of Mr. Greene.** Complainant also reported defendants' actual violations of law to the news media, including on June 28, 2021, to WBRZ, on July 22, 2021 to WBOK, on July 25, 2021, to the NAACP, on July 28, 2021, to Instagram Live, and on August 18, 2021, to WWL.

6.

**In response to Complainant's protected activity, defendants threatened Complainant and his job.** On February 5, 2021, **Complainant** met with **defendants, through defendant** Davis**,** regarding **Complainant's protected activity and defendants' violations of law, including** ongoing racial discrimination at LSP **and for which Complainant gave specific examples of instances in which black LSP officers was discriminated against because of their race**. **Although defendant** Davis advised he would investigate **the actual violations of law, he did not do so. Instead, defendant** Davis **threatened Complainant and dissuaded him from pursuing his complaints any further by directing him to read** "Chop Wood Carry Water: How to Fall in Love with the Process of Becoming Great", **a book about discipline and following orders. Also, in 2021, Complainant's supervisor, Lieutenant Draper Crain, texted Complainant threatening that Complainant needed to "stay away" from LSP, that he "brought that sh**t upon" himself, referencing defendants' retaliation/reprisal, and that he**

3

should have "**kept his mouth shut**". **Lieutenant** Draper Crain then **threatened Complainant** that LSP personnel **was directed by defendants** to avoid any and all communication with **Complainant**.

7.

As a result of Complainant's protected activities, defendants took retaliation/reprisal against him, including but not limited to, retaliatory harassment, threatening his job, placing him on forced annual leave although Complainant was fit for duty and able to work, falsely accusing him of violating policy, stripping his significant and material job duties, transferring him to an undesirable position and department, reducing his ability to earn overtime pay, restricting his ability to accrue annual leave, suspending him for two hundred (200) hours, and ultimately, firing him for false reason(s).

8.

On or about June 7, 2021, **Complainant** was placed on forced annual leave **by defendants** for **seventy-two (72) days**. **While on forced leave, Complainant** was deprived of **accruing** eighty (80) hours of annual leave at an hourly rate of $28.39, **totaling two thousand, two hundred and seventy-one dollars and twenty cents ($2,271.20). Defendants** did not give **Complainant any legal** reason for the forced annual leave **and, in violation of State Police Commission Rule 11.9, was not "in the best interest" of LSP**. **Complainant** was **also** required to surrender all LSP issued equipment, including but not limited to, firearms, vehicle, uniforms, commission cards, undercover materials, badges, building access cards, and keys to LSP properties. **Complainant** endured the humiliation of being escorted out of the building and off LSP Headquarters premises.

4

9.

On or about June 9, 2021, **Complainant** met with Byron Sam, EEO **C**oordinator. Following this meeting, **Complainant** was instructed to go to a meeting in Human Resources. At this meeting, **Complainant** was advised that he qualified for an ADA accommodation for any stress related issues arising in the course and scope of his employment.  On June 23, 2021**, defendants,** through Lieutenant Colonel Kenny Van Buren, advise**d Complainant** to consider taking **FMLA**.  **In other words, Complainant contends defendants actively attempted to force him from his job by pressuring him to take FMLA and/or seek an ADA accommodation of not having to work, which Complainant refused but he was nonetheless ordered off on forced leave.**

10.

On or about June 11, 2021, **after meeting with Mr. Sam and immediately prior to his June 23, 2021, meeting set forth above, Complainant** received a phone call from **defendants**, through Sergeant Dave Floss, regarding a secondary employment application. **In that conversation, Floss questioned Complainant about a book he had written, the contents of which were highly critical of defendant DPSC.  Defendant, through Floss, then accused Petitioner of violating 'policy' by writing the book and, particularly, the content of the book.  Although Floss requested a copy of the book from Complainant, defendants were already in possession of same**.

11.

On or about June 28, 2021, **Complainant** returned to active duty **from his retaliatory forced leave. Defendants** immediately advised **Complainant** that he was now on ("FMLA") and sent back to his residen**ce** indefinitely.

**12**.

On or about July 20, 2021, **Complainant** was interviewed by **defendants, through LSP** Internal Affairs, regarding a complaint he filed against a **DPSC attorney in which Complainant alleged the DPSC attorney had attempted to hide and/or otherwise conceal public records from view and also seemingly instructed LSP personnel to inaccurately represent information specifically relating to the death of Mr. Greene**. At the conclusion of the interview, Lieutenant Colonel Van Buren **threatened** Complainant by giving him a hard copy of LSP Procedure Order 901 Code of Ethics, Subsection 42 – "**Public Statements**" regarding media contact, specifically regarding a television interview **Complainant participated in and publicly spoke about defendants' actual violations of law and matters of public concern** with WBRZ Investigative Reporter Chris Nakamoto on June 28, 2021. **Complainant did not violate this policy.**

**13**.

**Upon Complainant's return to active duty at LSP** on or about August 2, 2021, he was involuntarily transferred **by defendants** from **the** Narcotics **Department** to the Gaming **Division, an undesirable reassignment. Not only did defendants remove Complainant from performing his significant and material job duties as a detective in the Narcotics Department for which he was highly trained and which was objectively considered as a more prestigious position, but Complainant was transferred to the Gaming Division in which he had no training or** experience with gaming or casino regulation**s and had significantly less opportunity to advance and also to earn overtime pay**. Additionally, he was also given correspondence advising him that he was now on administrative leave pending investigation and again sent to his residence indefinitely.

**14.**

On August 27, 2021, **Complainant** received a letter **from defendants** informing him that he **was** suspended without pay for forty (40) hours for violation of the LSP Policy on "Secondary Employment" and one hundred and sixty (160) hours for violation of the LSP Policy on "Conduct Unbecoming an Officer", totaling **two hundred** 200 hours and **resulting** in a loss of income in the amount of five thousand, six hundred and seventy-eight dollars ($5,678.00). **Defendants accused Complainant of allegedly violating "Secondary Employment" because Complainant wrote and published a book, on his own time, critical of defendants, including identifying systemic racism and use of excessive force. Defendants suspended Complainant for "Secondary Employment" alleged violations without affording him prior notice of the suspension, a description of the reasons and/or evidence supporting the suspension, a reasonable opportunity to respond, or the mandatory notice requirements as set forth by State Police Commission Rules 12.7 and 12.8, and the Peace Officer Bill of Rights Complainant contends defendants' failure to suspend him in accordance with State Police Commission Rules was further retaliation/reprisal for his protected activities. Most recently, defendants notified Complainant's counsel that an additional termination letter based falsely on a "Secondary Employment" violation is forthcoming.**

**15.**

On or about September 28, 2021, **Complainant suffered personal, tangible effects as** was denied a loan for the purchase of a home. The lender denied the loan specifically because **defendants reduced Complainant's** income through multiple **tangible employment action(s) and discipline(s).**

**16.**

7

**On November 23, 2021, Complainant received a document from defendants, dated November 18, 2021, stating that defendants, through defendant Davis, "ordered" the "termination" of Complainant.  Defendants admitted in the November 18, 2021, document that they were firing Complainant because Complainant exercised his Constitutional Right(s) by speaking publicly about defendants' violations of law and matters of public concern on June 9, 2021, June 22, 2021, July 25, 2021, July 28, 2021, and August 26, 2021. Complainant did not violate policy as he was falsely accused of doing by defendants. Defendants also fired Complainant in violation of State Police Commission Rules 12.7 and 12.8 and the Peace Officer Bill of Rights by failing to afford Complainant prior notice of the termination, a description of the reasons and/or evidence supporting the suspension, a reasonable opportunity to respond, and the mandatory notice requirements.**

**17**.

**Complainant shows that d**efendant **DPSC** failed to have in full force and effect an effective policy regarding retaliation **and reprisal in the workplace**.  **Defendant DPSC failed and/or refused to take any action to remedy the situation in Complainant's work environment, failed and/or refused to take any action to prevent the retaliation/reprisal from occurring, and deliberately failed to address Complainant's complaints.**

18.

As a result of the situation sued upon herein, **Complainant** sustained damages which include but are not limited to, severe and extreme emotional distress, mental anguish, humiliation and embarrassment, past and future medical expenses, loss of earning capacity, loss of promotional opportunities, **past and future lost wages and benefits**, and all such other damages as will be more fully shown at trial of this matter and all for which **Complainant** specifically sues for herein.

19.

At all times pertinent hereto, **defendant Davis was as person acting under color of authority within the meaning and intent of 42 U.S.C. §1983**, as Complainant's "Appointing Authority" and as Superintendent of LSP. **Complainant shows at all times pertinent hereto, he enjoyed the clearly established rights to write his book, to speak, and to express as contained in his book, to speak to the press and express his opinions, to protest and oppose unlawful race-based discrimination, harassment, and retaliation in the workplace, racism, assault, battery, false imprisonment, and excessive force pursuant to the 1st Amendment to the United States Constitution. Complainant shows that he was subjected to retaliation/reprisal for exercising his 1st Amendment Rights. Complainant shows that defendant Davis violated his clearly established rights as set forth herein and is liable unto him pursuant to 42 U.S.C. §1983, for which he sues for herein.**

20.

**Complainant contends that the actions/inactions of defendant DPSC which Complainant protested, spoke about, reported, and opposed as set forth herein, violated state and federal law, including discriminating, harassing, and/or retaliating against employee(s) because of his/her race in violation of La. R.S. 23:301,** *et seq.***, and Title VII, committing assault, battery, false imprisonment, and excessive force against civilian(s) in violation of La. R.S. 14:35, La. R.S. 14:36, La. R.S. 14:46, La. Civ.C. Article 2315, and La. C.Cr.P. Article 220, violating the Constitutional Rights under the 1st and 14th Amendments to the United States Constitutions of civilian(s), and violations of La. R.S. 14:134 and La. R.S. 14:134.3. Defendant DPSC's reprisal against Complainant, including retaliatory harassment, threats to his job, forcing him out on leave although Complainant was fit for duty and able to work,**

**falsely accusing him of violating policy, stripping his significant and material job duties, transferring him to an undesirable position and department, reducing his ability to earn overtime pay, restricting his ability to accrue annual leave, suspending him for two hundred (200) hours, and firing him for false reason(s), were in violation of La. R.S. 23:967, for which Complainant sues defendant DPSC for herein.**

21.

**Complainant filed Charge(s) of Discrimination with the** EEOC and LCHR **alleging Title VII retaliation**, but has not yet received his Notice of Right to Sue.  **Complainant** reserves his right to supplement and amend his **Complaint** and add his claim(s) **under federal law** upon receipt of **his Notice of Right to Sue**.

22.

**Complainant contends defendant Davis is liable unto him for** attorney fees **pursuant to 42 U.S.C. §1988**.  **Complainant also contends defendant DPSC is liable unto him for attorney fees pursuant to La. R.S. 23:967.**

23.

**Complainant contends the actions and/or inactions of defendant Davis were deliberate and in reckless disregard for his clearly established rights and therefor, defendant Davis is liable unto Complainant for punitive damages under 42 U.S.C. §1983.**

24.

**Complainant seeks and is entitled to all such other relief afforded to him at law or in equity, including an award of litigation expenses and all costs of these proceedings.**

25.

Complainant is entitled to and desires trial by jury.

WHEREFORE, Complainant, Carl Cavalier, prays for trial by jury and after due proceedings are had, that there be a Judgment herein in his favor and against defendant State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police and defendant Colonel Lamar A. Davis, Superintendent of the Office of State Police, for all sums as are reasonable under the premises, punitive damages as to defendant Davis, attorney fees as allowed by law, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Complainant is entitled at law or in equity.

Respectfully submitted,

By: __s/Jill L. Craft_____
Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Kaitlin A. Wall, La. Bar Roll No. 39462
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Facsimile: (22) 663-2613