UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL CAVALIER** | **CIVIL ACTION NO.: 3:21-cv-000656** |
| **VERSUS** | **JUDGE: JOHN W. DEGRAVELLES** |
| **THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR.** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN THE CAUSE AND RESCIND THE PROPOSED ORAL SETTLEMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Carl Cavalier, who moves this Honorable Court to reopen the cause in the captioned matter, and to rescind a proposed oral settlement for the following reasons to-wit:

### UNDERLYING FACTS

On or about January 31, 2022, Plaintiff, Carl Cavalier, was terminated from his position with the Louisiana State Police. In response, Plaintiff filed an EEOC complaint. Plaintiff also filed a claim before the Police Commission alleging wrongful termination by the Louisiana State Police. After receiving authorization to do so from the EEOC, Plaintiff then filed a petition in Louisiana State Court alleging wrongful termination based on his status as a "whistleblower." On or about November 10, 2021, this case was removed to this US District Court for the Middle District of Louisiana [R.Doc. 1].

### FACTS LEADING TO DISMISSAL

After several months of proceedings, the Court Ordered a Settlement Conference, to be held on October 6, 2022, at 1:30 p.m. via ZOOM, before Magistrate Judge Richard L. Bourgeois,

1

Jr. [R.Doc. 9]. No recording of the settlement proceedings was made, and the discussion was not made in "open court." On or about October 7, 2022, Magistrate Judge Bourgeois made a minute entry in the Court record, stating, "ORDER OF DISMISSAL: This action is hereby DISMISSED without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated" [R.Doc. 41]. The putative Oral Settlement was never reduced to writing. As of the filing of this memorandum in support of the Motion to Reopen the Cause and Rescind the Proposed Settlement, the settlement has not been consummated.

Prior to the Settlement Conference, in September, 2022, the Defendants made an offer of settlement to Mr. Cavalier, which included paying Mr. Cavalier $200,000.00 as well as agreeing to some, but not all, of the non-monetary issues important to Mr. Cavalier. Mr. Cavalier made it clear to his counsel that the settlement was unacceptable (See Exhibit 1 - Cavalier Declaration, ¶ 3). At that point, Mr. Cavalier's counsel insisted on having a settlement conference before the Federal Magistrate in order to resolve any issues remaining in the settlement. During a telephone call between his counsel, Ms. Craft, and himself, on September 2, 2002, Mr. Cavalier made it abundantly clear to his attorney that he did not want to settle. Mr. Cavalier said, "Will—will you fight for me in trial? You know, if I want to go forward, will you fight for me?" Ms. Craft responded, "Have we backed down from any fight that we've had so far? Absolutely not." Mr. Cavalier then said, "Well, I would say – I would say let's go forward then, Miss Jill." But Ms. Craft then said, "* * * You gave us authority to submit an offer in good faith, which we did. And I'm hearing from you this morning you want to withdraw it, against my advice. * * *" (See Exh. 3, page 11, line 10 through page 12, line 7.) Mr. Cavalier then reiterated, "I said, Listen, Brett [Ms. Craft's co-counsel], it's not about money. We can go and take it through trial, because I really just want the things that – you know, the evidence that we have, the evidence that I, you know,

2

have in my possession, to just come out during the trial." (See Exh. 3, page 13, lines 7-14.) Further, Mr. Cavalier insisted on having his Hearing before the Civil Service Commission before a settlement conference before the Magistrate. (See Exh. 3, page 29, line 17 – page 31, line 14.) But his counsel proceeded to schedule the settlement conference before the Magistrate without having a Civil Service Hearing first (Exh. 1, Cavalier Dec. ¶ 7). During a later telephone conversation between Mr. Cavalier and his attorney, Ms. Jill Craft, Mr. Cavalier told Ms. Craft he wanted to consider going before the Commission before the Settlement Conference with the Magistrate, but Ms. Craft refused to comply with the wish by Mr. Cavalier (Exh. 4, page 28, lines 3-21).

Prior to this Settlement Conference, on numerous occasions, Plaintiff indicated to his counsel that he would not settle the case unless certain non-monetary aspects of his employment were included in any settlement (Exh. 1, Cavalier Dec. ¶ 6). On or about September 27, 2022, during a telephone conversation between Mr. Cavalier and his attorney, Ms. Craft outlined the settlement proposed by the Defendant, including holding a settlement conference before a magistrate judge (Exh. 4, page 3, line 25 – page 6, line 4). After hearing his offer, Mr. Cavalier responded, "Okay. Um, yeah, I'm—I'm not going to agree to that, * * *" (Exh. 4 page 6, lines 6-7). (Also see Exh. 4, page 31, lines 3-7.)

Specifically, Mr. Cavalier wanted the Defendant, the Louisiana State Police, to reemploy him (Exh. 1, Cavalier Dec. ¶ 7). The Settlement Conference was conducted via ZOOM, whereby the Court and the parties were at separate locations. The Plaintiff and his counsel, Ms. Jill Craft, were physically located at Ms. Craft's office. His counsel, Ms. Craft, refused to bring all of the non-economic issues into the settlement discussions (Exh. 1, Cavalier Dec. ¶ 7, 8).

During the Settlement Conference, there were periods of time during which Mr. Cavalier and Ms. Craft were isolated from both the judge and the other party. During one of these times, Mr. Cavalier implored his counsel to raise the reemployment issue at the Settlement Conference (Exh. 1, Cavalier Dec. ¶ 8]. Mr. Cavalier, having never been in a Settlement Conference before, felt inhibited and wanted Ms. Craft to present his position on reemployment. Although some non-economic issues were raised, Ms. Craft refused to put the reemployment issue into the settlement discussion (Exh. 1, Cavalier Dec. ¶ 8). Mr. Cavalier wanted to think about things, but his attorney pressured him to settle. (See Exh. 4, page 32, line 3 – page 33, line 23.) Mr. Cavalier wanted his attorney to quit focusing on the money, but to focus on the non-monetary aspects of the case. Mr. Cavalier told his attorney, ·

> -- that -- the non- -- because, look, you keep telling me stories about money, I don't -- I don't -- I don't -- that's not my concern. That's not my concern. But if we're going to talk about money and, you know, we're going to talk about 200, 200,000, then okay, let's -- let's stop talking about that, because it's crumbs to me. That's crumbs to me. I just -- honestly. I'm not worried about who got what in the past or who did what in the past. That's not me, that's not my situation. You know, I sympathize for them or with them, but that's not my situation. So, what I'm talking about is the non-monetary. I'm not asking for shit, much of shit on the non-monetary side. They got motherfuckers on the job who's -- who's -- (See Exh. 4, page 35, line 19 – page 36, line 13).

In further stating, Mr. Cavalier said, "* * *we disagreeing on the timing of going to the magistrate, * * *" (Exh. 4, page 38, lines 10-13.) "* * *I just—I just don't see, you know – I just don't see why we need to rush and go to the magistrate right now, as far as the leverage things go." (See Exh. 4, page 39, lines 16-19. Also see Exh. 4, page 42, lines 12-25.)

4

At the conclusion of the Settlement Conference, Mr. Cavalier did not agree with the terms the attorneys reached, but Mr. Cavalier felt intimidated and felt extreme pressure to agree to the Settlement. He felt abandoned by his attorney since she refused to present his position. Thus, under duress, Mr. Cavalier did agree to the Settlement, even though he did not actually agree to the terms (Exh. 1, Cavalier Dec. ¶ 9). Soon after the settlement conference, when the terms of the proposed settlement were presented to him, Mr. Cavalier told Ms. Craft, "I don't think I want to go forward with the settlement" (Exh. 5, page 2, lines 12-13). Mr. Cavalier then stated, "Well, I'm telling you I – I felt forced and under pressure to – to agree to something" (Exh. 5, page 6, lines 18-20). Mr. Cavalier said, "I'm telling you I felt pressured – because I didn't – I didn't – I didn't want that from the beginning. I wanted my job back" (Exh. 5, page 7, lines 10-12). Mr. Cavalier further stated, "I asked – when he went on break, I asked my attorney to, hey, can you not make me explain my position in front of the judge again, because you know my position. You know what I want. You know, you know, as my attorney and I'm your client, you know what I wanted. (Exh. 5, page 9, lines 7-15).

Prior to the settlement conference, on information and belief, counsel for the parties discussed a dollar figure for settlement. However, on September 2, 2022 and on September 27, 2022, Plaintiff had telephone meetings with his counsel, and on both occasions, Mr. Cavalier emphatically stated that the number of dollars in the settlement was not the only component of settlement he wanted discussed. This issue arose again during the settlement conference and Mr. Cavalier was bullied into accepting the agreement though he actually did not agree. Specifically, Mr. Cavalier said that he would not settle unless the non-monetary issues were resolved as he desired, including but not limited to possibly his reinstatement with the Louisiana State Police (Exh. 1, Cavalier Dec. ¶ 6).

**ARGUMENT**

I.     **No Settlement was Consummated**

This case should be reopened since the parties have not consummated the settlement as required by the Order [R.Doc. 41] issued by Magistrate Judge Bourgeois. The definition of "consummate" is to finish or to complete. In the instant matter, consummating the settlement would include (1) reducing it to writing and (2) performance under the purported agreement. In the instant matter, there is no record of the terms of the purported settlement, nor is there any document to sign. No performance has been done, including money paid, or dismissal of the complaint before the EEOC or the Civil Service Board. Therefore, under the Order of the Court, we respectfully request that this captioned matter be reopened.

II.     **The Oral Settlement Agreement Is Not Enforceable**

The purported settlement agreement appears to be strictly an oral agreement. While in some cases an oral settlement agreement has been enforced in federal court, if there is a claim that there was no actual agreement between parties, then the matter may be referred back to the Court for further inquiry. In *Alexander v. Industries of the Blind, Inc,* 901 F.2d 40, 41 (4th Cir. 1990), the parties entered into an oral settlement, but the plaintiff refused to sign, contending that her authorization was contingent on her talking with the EEOC. Because there appeared to be a question regarding whether a final settlement was reached, the District Court would not enforce the oral settlement. The Court of Appeal, however, vacated the Order from the District Court denying the motion to enforce the oral settlement and remanded the matter to the District Court for clarification on whether the attorney had full authority to settle, and also to resolve conflicting testimony.

6

In the instant matter, Mr. Cavalier did not authorize his counsel to settle the case during the Settlement Conference. Mr. Cavalier and his counsel were in significant disagreement during the settlement discussions. While in a separate "room," Mr. Cavalier emphasized to his counsel that he wanted her to present his reinstatement to his former position as part of the settlement (Exh. 1, Cavalier Dec. ¶ 8). His counsel would not focus on this issue, but continued to focus on monetary issues. Mr. Cavalier was intimidated by the whole process. He wanted his counsel to speak for him, but she refused. Earlier, Mr. Cavalier had wanted to have his Hearing before the Civil Service Board **before** any settlement conference was held (Exh. 1, Cavalier Dec. ¶ 7). Contrary to his instructions, his counsel set up the Settlement Conference referenced above. There can be little doubt that Mr. Cavalier did not agree with the terms of the settlement, and verbally agreed only under significant duress. Thus, just as in *Alexander's, supra,* the case should be reopened for clarification on whether all agreed to the settlement.

In *Hensley v. Alcon Laboratories,* 277 F.3d 535, 538 (4th Cir. 2001), after the parties reached an oral settlement, they failed to make progress moving from oral to written agreement. Similarly, in the instant matter, no written agreement has been signed by Mr. Cavalier. In *Hensley, supra,* Alcon moved to enforce, requesting attorney fees. The plaintiff refused to sign the agreement, and the plaintiff's attorney then filed a Motion to withdraw. Again, in the instant matter, counsel for Mr. Cavalier filed a Motion to withdraw. The Court held that it had the inherent power to enforce an oral settlement if it was clear that (1) parties reached a complete agreement, and (2) it could determine all of the terms and conditions of the oral settlement. In *Hensley, supra,* the Court stated that if no settlement agreement was reached on <u>all the material terms</u>, then it must deny enforcement [emphasis added]. *Hensley, supra*, 541. In the instant matter, there was never a complete agreement set forth. While various terms of the purported agreement were discussed

7

during the settlement conference, it is impossible to set forth with complete accuracy the terms and conditions of this oral agreement, since there is no record from the Court of the details of the settlement.

Under Louisiana law, which admittedly does not take precedence in this matter, an oral agreement must be either reduced to writing or recited in open court. The reason for this provision is so there is no ambiguity in the terms and conditions of the oral agreement. In the case at bar, the same concern arises; there is ambiguity on the terms and conditions of the oral agreement. Thus, as in *Hensley*, the oral settlement is not enforceable, and the case should be reopened.

### III.     Plaintiff Was Under Duress by Counsel

In this matter, Mr. Cavalier was at the mercy of his counsel. She told him that because he could not win at trial, nor could he win on appeal, he had to settle. Further, she began to focus mainly on the dollar amount of the settlement even though Mr. Cavalier wanted to focus on non-monetary issues. Because of the duress Mr. Cavalier was put under by his counsel, his apparent agreement to settle was forced on him by his counsel.

In *Mahboob v. Department of Navy*, 928 F.2d 1125 (Fed. Cir, 1991), the plaintiff, Dr. Mahboob, was removed from her position as a medical technologist at the National Naval Medical Center for unauthorized release of official information and unacceptable performance. Dr. Mahboob appealed, claiming among other things that she was removed on the basis of discrimination because she was a Moslem. At a prehearing conference, held by telephone before an administrative judge ("AJ"), the plaintiff did not hear all of the conversation between the lawyers and the AJ. During that conference the defendant claimed an oral settlement was reached. Just like in the instant matter, in *Mahboob, supra*, while the plaintiff's attorney agreed to the terms, the plaintiff claimed she did not agree. Nevertheless, the AJ issued an Opinion dismissing the

case. Plaintiff appealed, *pro se*. The plaintiff asserted that her attorney, for several weeks prior to the conference call, urged her to settle. In the matter at bar, Ms. Craft strongly urged Mr. Cavalier to settle. But in *Mahboob, supra*, the plaintiff claimed she did not understand that the telephone conference was intended to be a final and binding settlement, and she understood that the details would be in a written agreement which she could examine. In *Mahboob, supra*, the plaintiff understood that the settlement would not be binding until she signed the agreement. In the case before the Court, Mr. Cavalier also thought he could reject the settlement later. In *Mahboob, supra*, the plaintiff maintained that her attorney did not have authority to settle. In the instant matter, as stated above, Mr. Cavalier did not authorize his attorney to settle, and he thought that he had instructed his attorney NOT to accept the settlement as presented. (See Exh. 2, p. 6, lines 16-24.) Just as in *Mahboob,* Mr. Cavalier's attorney refused to represent him in his challenge to the oral settlement. In *Mahboob*, the Court of Appeal held that the oral settlement was not enforceable and reversed the board's decision. The instant matter also should be returned to the Court docket and the dismissal reversed. Further, any purported oral settlement should be rescinded.

### IV.    Conclusion

Based on the foregoing, Carl Cavalier, Plaintiff in the captioned matter, asks that the Court reopen the cause, and rescind the settlement.

Respectfully Submitted:

s/ James C. Carver
James C. Carver, Ph.D., J.D.
LA Bar #19514 –T.A.
THE CARVER LAW FIRM, LLC
201 St. Charles Street
Baton Rouge, LA 70802
Phone:  (225) 636-2642

Fax: (225) 387-3198
Email: jim@thecarverlawfirm.com

and

s/ Clifton J. Ivey
Clifton J. Ivey, J.D.
LA Bar #28094
THE IVEY LAW FIRM, LLC
8748 Quarters Lake Road, 2nd Floor
Baton Rouge, LA 70809
Phone: (225) 922-9111
Fax: (225) 922-9121
Email: cliftonivey@att.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Defendant, by operation of the Court's electronic filing system.

s/ James C. Carver
James C. Carver, Ph.D., J.D.
LA Bar #19514 –T.A.
THE CARVER LAW FIRM, LLC
201 St. Charles Street
Baton Rouge, LA 70802
Phone: (225) 636-2642
Fax: (225) 387-3198
Email: jim@thecarverlawfirm.com

and

s/ Clifton J. Ivey
Clifton J. Ivey, J.D.
LA Bar #28094
THE IVEY LAW FIRM, LLC
8748 Quarters Lake Road, 2nd Floor
Baton Rouge, LA 70809
Phone: (225) 922-9111
Fax: (225) 922-9121
Email: cliftonivey@att.net