UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARL CAVALIER**

**VERSUS**

**STATE OF LOUISIANA:
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS: PUBLIC SAFETY
SERVICES, ET AL.**

**CIVIL ACTION**

**NO. 21-656-JWD-RLB**

**RULING AND ORDER**

This matter comes before the Court on the *Motion for Rehearing on Ruling and Order* ("*Motion for Rehearing*") (Doc. 92) filed by Carl Cavalier ("Cavalier" or "Plaintiff"). Defendants Louisiana Department of Public Safety & Corrections and Colonel Lamar Davis ("Defendants") filed an *Opposition to Motion for Rehearing on Ruling*. (Doc. 95.) Plaintiff filed a reply. (Doc. 96.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's *Motion for Rehearing* is denied.

I.  **RELEVANT BACKGROUND**

This case involves wrongful termination brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) The parties reached a settlement agreement during a settlement conference with Magistrate Judge Richard Bourgeois. (Doc. 83 at 2–3.) Thereafter, Plaintiff contested the settlement, and Judge Bourgeois issued a Report and Recommendation, recommending that the settlement agreement be enforced. (*Id.* at 3, 11.) This Court adopted Judge Bourgeois's recommendation over Plaintiff's objection. (Doc. 88; Doc. 84.) Plaintiff filed the instant *Motion for Rehearing*, raising essentially the same arguments from his *Objection to Report and Recommendations*, specifically that Magistrate Judge Bourgeois did not take into account certain evidence and alleging that his

attorney did not have the authority to enter into a settlement agreement. (Doc. 92.) Plaintiff requests a hearing to review information about his attorney's authority to enter into a settlement. (*Id.*) These arguments do not raise any new issues of fact that were not known to the Plaintiff at the time of the ruling to enforce the settlement agreement. (*Id.*)

## II.    LAW AND ANALYSIS

Plaintiff's *Motion for Rehearing* calls into question the correctness of the judgment to enforce the settlement agreement. Thus, it must be considered under Rule 59(e). *Allen v. Envirogreen Landscape Pro., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (per curiam) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). The Fifth Circuit in *Allen* said,

> Rule 59(e) motions serve "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." [*Templet*, 367 F.3d at 478] (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citation omitted). Accordingly, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citation omitted). A party's "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006) (quoting *Templet*, 367 F.3d at 479). As a result, a Rule 59(e) motion "should only be granted where there is new evidence that (1) probably changes the outcome of the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chems. LP*, 261 Fed.Appx. 729, 733 (5th Cir. 2008) (unpublished).

*Id.* at 328–329.

Plaintiff's arguments regarding the filing of the settlement agreement, representation of counsel, and form requirements of a settlement agreement are based on facts known to or knowable by Plaintiff before the judgment was entered. Plaintiff does not claim that there is any new evidence that was not known to him at the time of the order enforcing the settlement agreement. Although Plaintiff claims in his *Reply* that Judge Bourgeois did not consider all of the evidence

regarding his attorney, Judge Bourgeois did address the actions of Plaintiff's attorney during the settlement negotiations and found them to be reasonable. (Doc. 83 at 10–11.) Plaintiff is simply rehashing arguments that have already been considered and rejected by the Court. As a result, Plaintiff's motion will be denied.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Rehearing on Ruling and Order* (Doc. 92) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 24, 2023.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**